**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STEVEN JOHNSON,

       Petitioner,

vs.                           No. CV 18-00825 MV/SCY

DWIGHT SIMMS,

       Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Steven Johnson (Doc. 1).  The Court will dismiss the Petition as barred by the statute of limitations and, as to most of his claims, procedural default.  However, the Court's rulings turn on Plaintiff's failure to adequately allege a claim of actual innocence.  The Court determines that Plaintiff should be afforded an opportunity to amend his Petition with any allegations of new reliable evidence tending to show actual innocence.  Therefore, at this time, the Court will dismiss the Petition without prejudice and will grant Petitioner the opportunity to amend his petition to allege new reliable evidence in support of his claim that he is actually innocent.

## BACKGROUND

Petitioner is a prisoner in state custody.  He was indicted by a grand jury on four counts of criminal sexual penetration (first degree) of a child under 13 and four counts of criminal sexual contact of a minor child under 13.[1]   In October 2015, he was tried by a 12-person jury and found

---

[1] The Court has reviewed the official record in Johnson's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA).  The Court takes judicial notice of the official New Mexico court records in Johnson's criminal case, State of New Mexico, County of Bernalillo, Second Judicial District case no. D-202-CR-201100568. .  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to

guilty on all eight counts. He filed a direct appeal, and his conviction and sentence were affirmed on March 9, 2017 by the New Mexico Court of Appeals. *State v. Johnson*, No. 35,480, 2017 WL 1376931 (N.M Ct. App. Mar. 9, 2017). The New Mexico Supreme Court denied certiorari and issued its Mandate on May 4, 2017. Doc. 1 at 8.

Petitioner filed a state habeas corpus petition on August 15, 2018. *Id.* at 4, n.1. His petition raised seven issues, including insufficient evidence to convict him and violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution on the following grounds: (1) he was convicted of a crime when he is actually innocent; (2) ineffective assistance of counsel in failing to investigate and subpoena the victim's father, who was a convicted rapist; (3) the State committed *Brady* error by failing to disclose crucial impeachment evidence before trial; (4) the court abused its discretion and committed prejudicial error by allowing irrelevant and inflammatory impeachment evidence; (5) cumulative error depriving him of a fair trial and due process; (6) ineffective assistance of appellate counsel; and (7) the sentencing court abused its discretion by failing to consider mitigation factors.

In a Notice of 5-802(H)(1) Pre-Appointment Review, the New Mexico Law Offices of the Public Defender ("LOPD") determined that, with the exception of two issues, the habeas corpus petition was not a proceeding that a reasonable person of adequate means would be willing to bring at the person's own expense. Doc. 6 at 6. The state court adopted the LOPD's determination and denied all of Petitioner's claims as facially insufficient to merit habeas corpus relief, except the issues of ineffective assistance of appellate counsel in failing to raise a claim of actual innocence

---

take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

and abuse of discretion at sentencing.  On those two issues, the Court ordered the State of New

Mexico to respond and to supplement the record with the sentencing transcript. On March 12,

2019, the state court denied all of Petitioner's habeas corpus claims on the merits.  *Id.* at 5-12.

Petitioner did not file a certiorari petition for review of the denial by the New Mexico Supreme

Court.[2]

       Petitioner filed his Petition in this Court on August 29, 2018, seeking relief under 28 U.S.C.

§ 2254.  Doc. 1.  The Petition is identical to the one filed in New Mexico state district court.   In

an introductory section of his Petition, Petitioner summarizes his case as follows:

> Petitioner Steven Johnson is an innocent man.  He was accused of
> crimes which were decades old and for which there was absolutely
> no proof whatsoever that he committed these acts.  Furthermore,
> he willingly submitted to a polygraph examination which he
> passed.  Despite this proof of his innocence, the prosecution used
> egregious tactics to discredit the polygraph examiner and his
> trial counsel failed to perform an adequate investigation into the
> real perpetrator of these crimes.  Petitioner therefore requests his
> immediate release or alternatively, a new trial.

*Id.* at 4.   In his Petition, Petitioner raises the same seven issues that were argued in his state habeas

corpus petition: (1) insufficient evidence to convict him and violation of the Fifth, Sixth, and

Fourteenth Amendments because he was convicted of a crime when he is actually innocent; (2)

ineffective assistance of counsel in failing to investigate and subpoena the victim's father, who

was a convicted rapist; (3) the State committed *Brady* error by failing to disclose crucial

impeachment evidence before trial; (4) the court abused its discretion and committed prejudicial

error by allowing irrelevant and inflammatory impeachment evidence; (5) cumulative error,

---

[2] New Mexico state court records reflect that a proceeding was filed in the New Mexico Supreme
Court by a Petitioner named Steven Johnson seeking an extension of time to file a certiorari
petition.  *See* S-1-SC 37637.  The Supreme Court granted an extension of time.  However, no
petition for certiorari was ever filed and the proceeding was dismissed on July 10, 2019.

depriving him of a fair trial and due process; (6)  ineffective assistance of appellate counsel; and

(7) the sentencing court abused its discretion by failing to consider mitigation factors.  *Id.*

On May 19, 2020, the Court entered an Order to Show Cause, directing Petitioner to show

cause why his claims should not be dismissed for failure to exhaust his state court remedies.  Doc.

5.  Petitioner filed a Response on June 11, 2020, contending that he had filed a state court habeas

corpus proceeding.  Doc. 6.  Attached to his Response was a copy of the state court's March 12,

2019 Order Denying Petition for Writ of Habeas Corpus.  *Id.* at 5-12.

## DISCUSSION

I.     Petitioner's Claims are Barred by the Statute of Limitations

Section 2254 petitions generally must be filed within one year after the defendant's

conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period begins to

run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28

U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or

expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

The one-year limitations period is extended when "a properly filed application for [s]tate

post-conviction" relief is "pending."  28 U.S.C. § 2254(d)(2).  A state habeas petition is "pending"

for these purposes from the date that it is filed until it has achieved final resolution through the

state's post-conviction procedures.  *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also*

*Holland v. Florida*, 560 U.S. 631, 635, 638 (2010).  To determine the point at which a petitioner's

state habeas proceedings become complete, the Court looks to the state's procedural rules. *See*

*Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004).  The one-year clock begins to run again

when the proceedings on the state habeas corpus petition are finally concluded.  *Holland*, 560 U.S.

at 638 (state habeas corpus proceedings were concluded, and statute of limitations clock began to

tick, when the state Supreme Court issued its mandate).  A § 2254 petition filed after the one-year period has expired is time-barred.  28 U.S.C. § 2244(d).  Nevertheless, equitable tolling may be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

The Judgment on Petitioner's conviction and sentence became final when the New Mexico Supreme Court denied certiorari on direct appeal and issued its Mandate.  All issues asserted by Petitioner were available to him at that time. Doc. 1 at 5-10.  The limitations period on Petitioner's federal habeas corpus claims began running 90 days after denial of certiorari by the New Mexico Supreme Court on May 7, 2017 and expired one year later, on August 7, 2018.  28 U.S.C. § 2244(d)(1)(A).  Petitioner did not file his state post-conviction habeas corpus petition until August 15, 2018, more than one year after his conviction and sentence became final.  As a result, the state habeas proceedings did not toll the running of the limitations period. *Carey*, 536 U.S. at 219–20; *Holland*, 560 U.S. at 635.  Further, Petitioner did not file his § 2254 Petition in this Court until August 29, 2018.  Doc. 1 at 1.  Thus, absent equitable tolling or an exception to the time-bar, Petitioner's § 2254 claims were barred by the § 2244(d) statute of limitations before his August 28, 2018 filing.

In his Petition before this Court, Petitioner claims actual innocence.  (Doc. 1 at 1, 9-14). For the actual innocence exception to apply, Petitioner must satisfy both prongs of a two-part test. First, he must "support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—*that was not presented at trial*." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added).  Second, he "must show that it is more likely than not that no reasonable juror would have

found [him] guilty beyond a reasonable doubt" absent a constitutional error. *Id.* at 327.

The record in this proceeding does not meet this burden.   First, Petitioner does not present any new reliable evidence that was not presented at trial. Instead, he relies on evidence that *was* presented at trial.   Doc. 1 at 9-14.   Petitioner thus fails to meet the first prong of the actual innocence test.   Further, Petitioner fails to claim, much less demonstrate, that it is more likely than not that a reasonable jury would not have convicted him if it had heard any new reliable evidence. In his Petition, Petitioner makes only vague, unsupported allegations that another individual may have been the perpetrator of the crimes for which he was convicted.   *Id*.  But the possibility that another person may have been the perpetrator, without any supporting evidence, is insufficient to establish a likelihood that a jury would have found Petitioner innocent.   Therefore, Petitioner fails to meet the second prong of the actual innocence test.

Petitioner also claims that his state habeas corpus proceeding was denied because he was relying on an out-of-state legal service provider that failed to follow through on drafting filings for him.   Doc. 6.   However, the records provided by Petitioner show that the failure of the out-of-state provider occurred *after* the filing of his § 2254 Petition, not before.   *Id.* at 1, 4, 7.   Therefore, the failure of the out-of-state legal service provider does not afford a basis for equitable tolling of the limitations period.

Accordingly, there is no basis for equitable tolling here, and Petitioner's claims are barred by the § 2244(d) statute of limitations.

II.    The Majority of Plaintiff's Claims Are Procedurally Defaulted

Assuming *arguendo* that Plaintiff's claims are not time-barred, other than his claim of a *Brady* violation, his claims are procedurally defaulted by his failure to present them to the New Mexico Supreme Court when he had the opportunity to do so.   In general, petitioners must exhaust

available state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1); *Smallwood v. Gibson,* 191 F.3d 1257, 1267 (10th Cir. 1999).  If a "petitioner failed to exhaust state remedies," his or her claims are procedurally defaulted for purposes of federal habeas corpus relief. *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991).  Thus, this Court may not consider issues raised in a habeas petition "that have been defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody,* 146 F.3d 1257, 1259 (10th Cir.1998).  As a procedural matter, New Mexico state courts will not consider any issues raised in a second post-conviction proceeding that could have been raised in the first proceeding. *Harris v. Williams*, 5 F. App'x 831, 833, 2001 WL 201962 (10th Cir. Feb. 28, 2001) (unpublished).  Grounds omitted in the prior proceedings are deemed waived under New Mexico law. *State v. Gillihan*, 524 P.2d 1335, 1336 (N.M. 1974).

In this case, Petitioner raised his *Brady* claim on direct appeal and presented it to the New Mexico Supreme Court, which denied certiorari.  (Doc. 1 at 8).  Although he raised the remainder of his other claims in his state habeas petition *at the state district court level*, he never presented them *to the highest court in New Mexico*, namely, the New Mexico Supreme Court.  As he did not present these claims to the New Mexico Supreme Court in his state habeas proceeding, these claims would be procedurally defaulted in state court.  And because these claims would be procedurally defaulted in state court, it follows that he is barred from bringing them in the instant federal habeas corpus case.

Nonetheless, the United States Supreme Court has "consistently reaffirmed the existence and importance of the exception to the general rules of procedural default for fundamental miscarriages of justice." *Schlup,* 513 U.S. at 321.  This exception applies, *inter alia,* to individuals

who are actually innocent of the crime of conviction.  *See Murray v. Carrier,* 477 U.S. 478, 496 (1986); *Sawyer v. Whitley,* 505 U.S. 333, 335–36 (1992).  As discussed above, for the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," and "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" absent a constitutional error.  *Id.* at 327.  And in the context of procedural default, to demonstrate a fundamental miscarriage of justice, a petitioner must make a showing of factual innocence, not merely legal innocence.  *Beavers v. Saffle,* 216 F.3d 918, 923 (10th Cir. 2000); *Ellis v. Hargett,* 302 F.3d 1182, 1186 n. 1 (10th Cir. 2002); *Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012).

For the reasons set forth above, Petitioner's allegations are insufficient to meet either prong of the actual innocence test.  The actual innocence exception to the rules of procedural default thus does not apply here.  Other than his *Brady* claim, Petitioner's claims thus have been procedurally defaulted by his failure to present them to the New Mexico Supreme Court.

III.   Petitioner May File an Amended Petition

Because the Petition does not contain sufficient allegations that, if proven, would establish both prongs of the actual innocence test, Petitioner's habeas corpus claims are barred by the statute of limitations and, other than his *Brady* claim, have been procedurally defaulted.  However, the Tenth Circuit counsels that *pro se* litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law."  *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).  The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Under this standard, Petitioner will be granted leave to amend his Petition.  Petitioner must file an amended petition within 90 days of receipt of this Memorandum Opinion and Order.  Any

amended petition should allege facts sufficient to meet both prongs of the actual innocence test, as described herein.  Petitioner is cautioned that generalized and conclusory statements are not sufficient but rather, Petitioner must support his claim of actual innocence with affidavits or sworn statements setting out exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial, and must also allege facts that, if proven, would show that it is more likely than not that a jury would not have convicted him but for the constitutional error. Failure to timely file an amended petition may result in final dismissal of this action without further notice.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus filed by Petitioner, Steven Johnson (Doc. 1) is **DISMISSED without prejudice**, and Petitioner is granted leave to file an amended § 2254 habeas corpus petition within 90 days after receipt of this Memorandum Opinion and Order.

_____

MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE