IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN JOHNSON,

    Petitioner,

vs.                                                             No. CV 18-00825 MV/SCY

DWIGHT SIMMS,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under Rule 41(b) of the Federal Rules of Civil Procedure on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Steven Johnson (Doc. 1). The Court will dismiss the Petition without prejudice for failure to comply with a Court order, failure to comply with local rules, and failure to prosecute.

On January 5, 2022, the Court entered a Memorandum Opinion and Order dismissing the Petition and granting Johnson leave to file an amended § 2254 petition within 90 days. (Doc. 7). The Court's Memorandum Opinion and Order stated:

> The Court will dismiss the Petition as barred by the statute of limitations and/or procedural default. However, the Court's rulings turn on Plaintiff's failure to establish a claim of actual innocence. The Court determines that Plaintiff should be afforded an opportunity to come forward with any new, reliable, evidence tending to show actual innocence. Therefore, at this time, the Court will dismiss the Petition without prejudice and will grant Petitioner the opportunity to amend his submission to present any new, reliable, evidence in support of his claim that he is actually innocent.

(Doc. 7 at 1). It has been more than 90 days since entry of the Memorandum Opinion and Order and Johnson has not filed an amended Petition, has not responded to the Memorandum Opinion and Order, and has not communicated with the Court.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Johnson has failed to comply with D.N.M. LR-Civ. 83.6.

Johnson has also failed to comply with the Court's January 5, 2022 Order and, by not filing an amended petition, has also failed to prosecute this action. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's January 5, 2022 Memorandum Opinion and Order, failure to comply with D.N.M. LR-Civ. 83.6, and failure to prosecute this proceeding. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Steven Johnson (Doc. 1) is **DISMISSED** without prejudice under Rule 41(b) for failure to comply with the Court's Memorandum Opinion and Order, failure to comply with the local rules, and failure to prosecute.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE